IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANETTE SESCEY, | : | |
| *Plaintiff,* | : | CIVIL ACTION |
| | : | NO. 21-3638 |
| v. | : | |
| | : | |
| BOOST MOBILE, | : | |
| *Defendant.* | : | |

**PAPPERT, J.**                                                                                         November 19, 2021

## **MEMORANDUM**

*Pro se* Plaintiff Nanette Sescey,[1] a "former artist/entertainer" and former exotic dancer, filed this lawsuit against Boost Mobile for "[d]ef[a]mation of character" alleging her "account was being used for reasons unknown by this company without [her] authorization[.]" (ECF 2 at 2-3.)[2] For the following reasons, Sescey's federal claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and her state law claims are dismissed for lack of jurisdiction without prejudice to her right to proceed in the appropriate state court.

I[3]

Sescey asserts that after she switched her account from T-Mobile to Boost Mobile[4]

---

[1] Because it appears Sescey is unable to afford to pay the filing fee, the Court will grant her Motion to Proceed *In Forma Pauperis*. (ECF 7.)

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] The facts set forth in this Memorandum are taken from Sescey's Complaint (ECF 2).

[4] By way of background only, it appears that Boost Mobile is a prepaid wireless communications carrier. *See* https://www.boostmobile.com/about/newsroom.html?INTNAV=BotNav:About:Newsroom (last visited Nov. 2, 2021).

for cell phone service, she "began having a lot of threats from [her] device being compromised" and "start[ed] noticing that all of [her] personal info. was released" in 2020 and 2021.  (ECF 2 at 3.)  Sescey claims she has "reason to believe that [her] account was being used as a Narc Officer's account" although she is not employed in that capacity, nor has she ever been.  (*Id.*)  Sescey also alleges that when she used her Boost Mobile phone to play music and songs from her YouTube channel, she learned "there was a note on [her] account that [she is] a mental health patient . . . and that [people] shouldn't pay attention to [her]."  (*Id.*)  Sescey further contends "each time that [she] play[ed] . . . songs, [she] would notice a lot of unwanted activity following [her] wherever" she was, as though she and her children were being "track[ed] around" and put in danger.  (*Id.* at 3-4.)

Although her Complaint is unclear, it appears that after Sescey noticed this "unwanted activity," she started "filming" herself and her children whenever they went out in order "to prove [her] case."  (*Id.* at 4.)  However, she claims she was later "accused of putting [her] kids in danger" by virtue of filming them.  (*Id.*)  In reaction to this "unwanted activity," Sescey apparently also started "carrying protection for the safety of [herself] and [her] kids just in case [her] location [was] compromised and something happen[ed] due to [this] privacy breach."[5]  (*Id.*)  Because of this "data breach/privacy breach/invasion of privacy/wiretap fraud/surveillance fraud[,]" Sescey seeks to assist this "phone company with a proposal to sell shares and stocks and [for] cash settlements on . . . behalf of [herself] and [her] kids for having . . . [their] lives put

---

[5] Sescey does not specifically allege what she means by "carrying protection."  However, she does allege that CYS (presumably, Children and Youth Services) accused her of putting her children at risk by "carrying protection."  (*Id.* at 4.)

at risk[.]" (*Id.*)

II

Because Sescey is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Sescey is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

III

Sescey's allegations do not rely on a specific statute. She indicated on her form Complaint that the basis for the Court's jurisdiction is "Federal Questions." (ECF 2 at 3.) Construing her Complaint liberally, Sescey alleges: (1) a possible constitutional claim under the Fourth Amendment regarding alleged wiretaps and surveillance and tracking her whereabouts; (2) an unspecified claim related to a "data breach"/"privacy breach"/"invasion of privacy"; and (3) a claim for defamation.

A

Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To state a claim for a Fourth Amendment violation under 42 U.S.C. § 1983[6], Sescey "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). To act under color of state law, a defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

---

[6] Even liberally construed, the Court does not understand Sescey's Complaint to suggest any other source of authority for the exercise of federal question jurisdiction beyond § 1983.

4

"The Fourth Amendment protects citizens against government misconduct, those who exercise the power of the state. It does not[, however,] create liability on the part of any person or entity not exercising governmental power." *See Sheriff v. Wireless*, No. 18-5057, 2018 WL 6725390, at *2 (E.D. Pa. Dec. 21, 2018). Based on the Complaint's allegations, Boost Mobile is not subject to Section 1983 liability because it is a private wireless communications carrier, and not a state actor. *See Sheriff*, 2018 WL 6725390, at *2 (dismissing constitutional claims against Verizon Wireless and Verizon Fios pursuant to § 1915(e)(2)(B)(ii) because they were "private companies, rather than state actors" and could not "as a matter of law violate the Fourth Amendment" and be liable under Section 1983); *see also Wolf v. City of Millbrae*, No. 21-0967, 2021 WL 3727072, at *8 (N.D. Cal. Aug. 23, 2021) (finding T-Mobile is "a private company and its actions do not constitute state action" for purposes of Section 1983); *cf. Shaw v. T-Mobile*, No. 18-2513, 2020 WL 4506278, at *9 (D. Kan. June 26, 2020) (finding on a motion to amend that "because "Defendant T-Mobile is not a state actor," any Section "1983 claim . . . [is] subject to dismissal and therefore futile"), *R&R adopted*, 2020 WL 4501052 (D. Kan. Aug. 5, 2020). Sescey does not allege Boost Mobile had any connection to a state, county or local governmental entity and none of her allegations suggest Boost Mobile was operating as anything other than a private wireless communications company. None of her allegations show a "close nexus" between the private business conduct of Boost Mobile, and the state itself such that the challenged action can fairly be treated as that of the state. *Leshko*, 423 F.3d at 339.

Because the Complaint fails to allege a plausible § 1983 claim against Boost Mobile, Sescey's federal claims against Boost Mobile are dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Because any amendment

5

would be futile, Sescey will not be granted leave to amend her federal claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B

Having dismissed Sescey's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

The only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332, which provides the Court with subject-matter jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners."  *Zambelli*, 592 F.3d at 419 (citations omitted).  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Sescey does not adequately allege the citizenship of any party.[7]  With respect to her own citizenship, Sescey only alleges she is a United States citizen (*see* ECF 2 at 4), but she does not set forth the state where she is domiciled as is required for diversity jurisdiction.  With respect to the citizenship of Boost Mobile, Sescey's Complaint is silent and makes no allegations as to its citizenship.  Sescey has not met her burden of demonstrating the Court's subject matter jurisdiction over any purported state law claims and they are dismissed without prejudice to her right to assert them in an appropriate state court.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105.

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

---

[7]  Sescey provided a Pennsylvania address as her address of record, but that is not a sufficient allegation to allow the Court to determine her citizenship for purposes of diversity.  Sescey provided an address for Boost Mobile in Englewood, Colorado, but again that is not a sufficient allegation from which the Court can determine Boost Mobile's citizenship for purposes of diversity.